### 11359.   CAIN v. THE STATE.

BROYLES, C. J.   1. The charge upon the law of circumstantial evidence, in the absence of a request for more particular instructions, was sufficiently full.

2. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
> DECIDED MAY 11, 1920.

Indictment for manufacture of liquor; from Colquitt superior court — Judge Thomas.   January 23, 1920.

After charging the jury that "the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the minds and consciences of the jury beyond a reasonable doubt that the defendant is guilty of the crime charged," the court added:   "In cases of circumstantial evidence the law goes one step further, and holds that the evidence must not only be consistent with the hypothesis of guilt, but inconsistent with the hypothesis of innocence, and exclude every other reasonable hypothesis save that of the guilt of the accused."   There was no further charge on circumstantial evidence.   In the motion for a new trial it is alleged that the court erred in the foregoing charge on circumstantial evidence, on the grounds that it was insufficient, that the court failed to explain the meaning of the term "circumstantial evidence," and did not state that the guilt of the defendant rested solely on circumstantial evidence, failed to state all possible hypotheses arising from the circumstantial evidence in the case which were favorable to the defendant, failed to instruct the jury that if they believed any one of the hypotheses favorable to the defendant or had a reasonable doubt as to its truth he should be acquitted, and failed to instruct the jury how to apply the rule of circumstantial evidence to the circumstances shown by the evidence.

*John T. Coyle, Parker, Gibson & Roddenbery,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.